IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JESUS (JESSE) SOLIZ, §<br>   Petitioner, §<br>V. §<br> §<br>DOUG DRETKE, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>   Respondent. § | C.A. NO. C-05-331 |

## ORDER ON DEFENDANT'S REQUEST FOR STATE RECORDS

Petitioner requests the Court to provide him with a copy of the state records, which have been submitted to this Court by the government. (D.E. 16). Petitioner also moves the Court to order the State of Texas to provide additional records that have not been submitted to this Court. (D.E. 16, at 2). In this same motion, petitioner requests an extension of time to reply to respondent's motion for summary judgment.

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts states "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Moreover, Rule 6(b) requires the party requesting discovery to provide the Court with the reasons for the request. A petitioner, in order to show good cause, must point to specific evidence that would support a constitutional claim.

Petitioner has merely asserted that he is in need of the requested records to help him to prepare a response to respondent's motion, and enable him to effectively argue his claims before this Court. (D.E. 16). Petitioner fails to specifically identify any evidence, and its applicability to his alleged claims of constitutional violations. He has also not addressed why he is not in possession of the state records, or why he is not able to draft a response to respondent's motion

based on his personal knowledge of the state court proceedings.

Respondent has moved this Court to dismiss petitioner's habeas application as time-barred, or in the alternative, to dismiss the habeas application based on petitioner's failure to exhaust his state court remedies. (D.E. 14, at 6). Petitioner has not adequately persuaded this Court of his need for the requested state records. The Fifth Circuit has held that "[a] state is not required to furnish complete transcripts so that defendants and their counsel may conduct 'fishing expeditions' to seek out possible errors at trial." Moore v. Wainwright, 633 F.2d 406, 409 (5th Cir. 1980) (citations omitted); see also Woods v. Butler, 847 F.2d 1163, 1168 (5th Cir. 1988) (where transcript is unnecessary to address challenge by respondent, there is no violation of due process). Therefore, petitioner's motion for state records is denied.

Petitioner's response to respondent's motion for summary judgment is not due until November 25, 2005. Therefore, petitioner's motion for an extension of time to reply to respondent's motion for summary judgment is denied.

ORDERED this 4th day of November 2005.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE