IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JESUS (JESSE) SOLIZ, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | C.A. NO. C-05-331 |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutional Division, § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this § 2254 habeas corpus action, petitioner challenges his 2003 conviction for two counts of indecency with a child. (D.E. 1). Respondent moves the Court to dismiss petitioner's action on the grounds that it is time barred pursuant to the one-year statute of limitations established in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (D.E. 14, at 3-6). In the alternative, respondent argues that, even if the Court were to find that petitioner's application is not time barred, his petition should be dismissed because he has failed to exhaust his state remedies. (D.E. 14, at 6).

For the reasons stated herein, it is respectfully recommended that the respondent's motion for summary judgment be granted, and petitioner's habeas application be dismissed with prejudice.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.  BACKGROUND

The Director has lawful custody of petitioner pursuant to a judgment and sentence of the 28th District Court of Nueces County, Texas, in cause number 99-CR-2958-A, styled State of Texas v. Jesse Soliz. Ex parte Soliz, App. No. 26,878-05, at 122.

On October 21, 1999, petitioner was indicted for two counts of indecency with a child, and determined to be a habitual offender status for sentence enhancement purposes. CR 2-3.[1]  On February 11, 2000, he was found guilty by a jury on both counts. CR 69-70. The trial court sentenced him to thirty-years confinement.

Petitioner filed a motion for a new trial claiming that there was insufficient evidence to support the verdict. CR 81. He subsequently filed an amended pro se motion for a new trial challenging his conviction based on the prosecutor's failure to disclose evidence, ineffective assistance of counsel, and that newly discovered evidence could have been used to impeach the victim's mother. CR 92-98. On

---

[1] "CR" refers to the clerk's record from the 28th District Court, Nueces County, Texas, in Criminal Cause No. 99-CR-2958-A, styled State of Texas v. Jesse Soliz. CR is followed by the specific page number where the cited information can be located.

April 27, 2000, the trial court granted petitioner's motion for a new trial. CR 119.

On August 15, 2000, petitioner filed a state habeas application, which argued that the State was barred from retrying him on the indecency charges because he had a constitutional right against double jeopardy. CR 146-52. On June 22, 2001, the trial court held a hearing on petitioner's habeas application. 8 RR 4-10.[2] It found that petitioner was granted a new trial based on his motion, and therefore, denied his double jeopardy claim. 8 RR 8-9; CR 143. On August 7, 2001, petitioner filed a notice of appeal of his state habeas application with the trial court. CR 201. The appellate court dismissed his appeal for want of jurisdiction because petitioner did not timely file his notice of appeal pursuant to Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure. Soliz v. State, No. 13-01-540-CR, slip op. (Tex. App. Apr. 4, 2002); Ex parte Soliz, App. No. 26,878-05, at 127-29. Petitioner claims that he filed a second pre-trial state habeas application seeking to bar his retrial, which was also denied. (D.E. 1, Attach., at 2).

On May 7, 2003, plaintiff pleaded guilty pursuant to a plea agreement, and the trial court sentenced him to five-years confinement. Ex parte Soliz, App. No. 26,878-05, at 122-26. In his plea agreement, he agreed to plead guilty to both counts of indecency with a child, waive his right to file any appeals relating to the

---

[2] "RR" refers to the reporter's record from the 28th District Court, Nueces County, Texas, in Criminal Cause No. 99-CR-2958-A. RR is preceded by the relevant volume number, and followed by the specific page number within the particular volume.

indecency charges, and agreed to drop his appeal in another criminal case, cause number 99-CR-3279-A.  Id. at 125-26.  He specifically stated "I ... voluntarily, knowingly, and intelligently WAIVE MY RIGHT TO APPEAL.  This waiver includes the WAIVER OF MY RIGHT TO FILE A MOTION FOR NEW TRIAL and the WAIVER OF MY RIGHT TO SUBMIT A WRIT OF HABEAS CORPUS." Id. at 89.  In exchange, the State agreed to recommend that he be sentenced to five-years confinement, and recommend that his sentence run concurrently with his sentences in "cause # 7241 (Burglary- out of San Patricio County) & 99-CR-3279-A(S1)."  Id. at 125.  On May 7, 2003, the trial court sentenced him to five-years confinement to be served concurrently with his other sentences.

On June 16, 2004, petitioner filed a post-conviction state habeas application challenging his conviction and five-year sentence.  Id. at 2.  His state habeas petition raised sixteen grounds on which habeas relief could be granted.  Id. at 7-8.  The State argued that petitioner had waived his right to file a writ of habeas corpus.  Id. at 80.  Petitioner objected to the State's contention that he had waived his right to file a writ of habeas corpus.  Id. at 91-94.  On July 9, 2004, the trial court found that there were no controverted, unresolved facts, and held that the "assertions in the State's answer [we]re correct, and that the application should be denied."  Id. at 95.

On June 22, 2005, the Texas Court of Criminal Appeals dismissed petitioner's state habeas without written order, citing subsection (b) and (c) of

501.0081 of the Texas Government Code.  Id. at cover.

Petitioner filed this petition on July 1, 2005.  (D.E. 1, at 9).  On October 10, 2005, respondent moved to dismiss petitioner's application claiming that it was time barred pursuant to AEDPA.  (D.E. 14).  Respondent alternatively argues that petitioner has not exhausted his state remedies, and therefore, the Court is barred from reviewing the merits of his claims.  Id. at 6.

Petitioner objects to respondent's motion claiming that his petition is not time barred because his petition raises three claims that could not have been discovered until after his conviction became final.  (D.E. 22, at 4).  He argues AEDPA's statute of limitations did not begin to run until the point in time when he discovered factual predicate of these claims.  Id.  Petitioner asserts that his claims have been exhausted at the state level.  Id. at 5-10.  Finally, he argues that the failure to consider his claims will result in a miscarriage of justice.  Id. at 13-15.

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises twelve grounds for relief in this petition, several of which claim that he was denied due process of the law.  (D.E. 1, at 7).  He argues that he was denied his due process rights because: (1) his retrial violated his constitutional right against double jeopardy; (2) he was denied appellate review of his pre-trial state habeas writ due to the trial court's failure to timely appoint appellate counsel; (3) he was denied appellate review due to the trial court clerk's failure to timely file

his written notice of appeal on two separate occasions; and (4) the trial court erred in denying his second pre-trial state habeas motion because it was heard by a judge that was not familiar with the facts of his case. Id. at 7-8 & Attach., at 1-6.

Several of petitioner's other claims assert that he was denied effective assistance of counsel. He claims that his trial counsel conspired with the prosecution to deny him his due process rights during his trial and during the appellate process. Id. Attach., at 6. Next, he claims that he was denied effective assistance of counsel and his due process of law rights because his counsel refused to file a pre-trial writ of habeas corpus, or assist in perfecting his notice of appeal. Id. at 7. He further argues that he was denied effective assistance of counsel because his attorney unlawfully induced his guilty plea, failed to timely file a pre-trial writ, failed to prepare a defense, or investigate the facts, failed to quash the indictment, and failed to collaterally estop the second trial. Id. at 10-14.

Petitioner remaining claims are based on a variety of legal theories. He argues that he was denied his constitutional right of a fair and unbiased jury trial because the State failed to disclose certain evidence, including the identity of the outcry witness. Id. at 7-8. He asserts that his guilty plea was unlawfully induced because the State breached the plea bargain agreement. Id. at 9. He argues that his sentence in cause number 99-CR-3279-A was stacked on his sentences in this cause and in cause number 7241, which he claims violated the plea agreement. Id.

Additionally, petitioner argues that there were several factors that induced him to involuntarily plead guilty, such as, the State's intention to use transcripts from his parole revocation hearing at the second trial, the prosecutor's withholding of evidence, and actions by his counsel. Id. at 15. He asserts that the trial court should not have accepted his guilty plea in the face of the State's misconduct, which allegedly included the withholding of exculpatory evidence. Id. at 16.

Finally, plaintiff argues that he was denied 395 days of time credits toward his sentence. He claims that he was credited with 924 days, but that he was actually entitled to 1,319 days of time credit. Id. at 15-16.

## V.  DISCUSSION

**A.    AEDPA's Statute Of Limitations.**

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of AEDPA. Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996). Pursuant to AEDPA, state prisoners have a one-year statute of limitations period within which to file a petition for federal habeas corpus relief. This limitations period runs from the latest of four alternative dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the

>
> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks state post-conviction writ review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

**B.    Petitioner's Claims Are Untimely.**

Petitioner was convicted and sentenced on May 7, 2003. <u>Ex parte Soliz</u>, App. No. 26,878-05, at 122-26. His sentence became final upon the expiration of time to seek direct review, which in this case was thirty days after the trial court entered its judgment and sentence. Tex. R. App. P. 26.2(a)(1) ("The notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order....").

Both petitioner and respondent agree that petitioner's conviction became final on June 6, 2003. See (D.E. 22, at 2; D.E.14, at 4). Respondent argues that AEDPA's one-year statute of limitations began to run on June 6, 2003, and that for this petition to be considered timely filed petitioner would have had to file it by June 6, 2004. (D.E. 14, at 4) (citing 28 U.S.C. § 2244(d)(1)(A)). Respondent asserts that petitioner's state habeas application did not toll the one-year statute of limitations because it was filed after the limitations period expired. Id. Finally, respondent argues that petitioner's habeas application, filed on July 1, 2005, is time barred because it was filed more than a year after the statute of limitations period had expired. Id.

Petitioner, however, argues that his petition is not time barred, and that respondent erroneously applied AEDPA's one-year statute of limitations. (D.E. 22, at 4). He asserts that three of his claims do not fall under § 2244(d)(1)(A), but rather more appropriately fall under § 2244(d)(1)(D). (D.E. 22, at 4-5). In his petition, he asserted sixteen grounds for habeas relief, but now subsequently argues that only three of his claims are not time barred pursuant to AEDPA.

First, petitioner argues that his time credit complaint is not time barred. Id. at 4. He does not provide additional details as to why this claim is not time barred. In his petition, he argues that he was only given 924 days of time credit, but that he was actually entitled to 1,319 days of time credit. His petition "seeks a correction of

the trial court's judgment." (D.E. 16, Attach., at 16).

Second, petitioner argues that his involuntary guilty plea claim based on the State's failure to abide by the plea agreement is also not time barred. (D.E. 22, at 4). He further argues that "it was understood and agreed by all parties of the plea bargain process that the five-year sentence in cause no. 99-CR-2958-A and the ten (10) year sentence in cause no. 99-CR-3279-A would be running concurrent with Petitioner's thirty (30) year sentence in cause no. 7241." Id. He claims that he did not know that his ten-year sentence in cause number 99-CR-3279-A had been stacked onto his thirty-year sentence until February 5, 2004. Id. Therefore, he argues that AEDPA's one-year statute of limitations did not begin to run until February 5, 2004, when he discovered the factual predicate for his claim. Id. (citing 28 U.S.C. § 2244(d)(1)(D)).

Third, petitioner argues that his claim of ineffective assistance of counsel in the plea bargain process is also not time barred. Id. at 5. He asserts that his attorney misled him, which caused him to involuntarily plead guilty. Id. As with his preceding claim, he argues that he did not become aware of the stacking of his ten-year sentence until February 5, 2004, and therefore, AEDPA's one-year statute of limitations pursuant to § 2244(d)(1)(D) began to run on this date. Id.

On May 13, 2003, the trial court entered into the record a written judgment of his conviction and sentence for two counts of indecency with a child, which was

handed down on May 7, 2003. It ordered that petitioner was entitled to 924 days of time already served to be applied against his sentence. Ex parte Soliz, App. No. 26,878-05, at 122. It further ordered that his five-year sentence would run concurrently with his sentence in cause number 7241, and the sentence in cause number 99-CR-3279-A. Id. The plea agreement that petitioner signed states that the State would recommend that he be sentenced to five-years confinement, and that the sentence run concurrently with his sentences in cause number 7241, and cause number 99-CR-3279-A(S1). Id. at 125.

On April 11, 2003, petitioner was sentenced to ten-years confinement for felony theft, in cause number 99-CR-3279-A, based on a jury verdict finding of his guilt. Ex parte Soliz, App. No. 26,878-04, at 45. The written judgment reflects that the ten-year sentence "would begin when the sentence of confinement imposed in ... cause no. 7241 ... has ceased to operate." Id. The trial judge signed it on April 16, 2003. Id. at 48. Therefore, at the time the petitioner entered into the plea bargain with the State for the indecency with a child charges, he had already been sentenced in cause number 99-CR-3279-A, in which the trial court has stacked his ten-year sentence onto his thirty-year sentence.

Petitioner has not provided an explanation why he was not on notice that his sentence in cause number 99-CR-3279-A was stacked, and not concurrent. Moreover, in his petition, he is challenging his conviction and sentence in cause

number 99-CR-2958-A.  It is respectfully recommended that there is no indication that the agreements made in the plea bargain are not being fulfilled by the State.  He was sentenced to five-years confinement to run concurrently with his other sentences.  He argues that his claims rely on facts that he did not discover until February 5, 2004.  (D.E. 22, at 4).  However, his sentences were handed down in April and May of 2003, and there was a written judgment on file in both cases.

It is respectfully recommended that the Court find that all of petitioner's claims are time barred, including the aforementioned three claims, because he has failed to show that the factual predicates underlying his claims could not have been discovered by due diligence, and therefore, AEDPA's one-year statue of limitations expired prior to his filing of this petition.  See 28 U.S.C. § 2244(d)(1).

It is further respectfully recommended that the Court find that because his state habeas application was filed after AEDPA's one-year statute of limitations expired, June 6, 2004, it did not toll AEDPA's statute of limitations.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (where a state habeas application is not filed until after the federal limitations period has run, pursuant to § 2244(d)(2), filing does not toll the limitations period).[3]

---

[3] This memorandum and recommendation to grant respondent's motion to dismiss does not address the merits of petitioner's claims.  Rather, it is respectfully recommended that the petition be dismissed as time barred, and therefore, a discussion of the merits of petitioner's claims is unwarranted.

**C.     Petitioner Is Not Entitled To Equitable Tolling.**

Additionally, petitioner has neither stated a claim for equitable tolling, nor is he entitled to equitable tolling. He does argue that if the Court does not review his claims that there will be a miscarriage of justice. (D.E. 22, at 13). He asserts that he is actually innocent of the charges, and only agreed to plead guilty because he believed that his five-year sentence and ten-year sentence would run concurrently with his thirty-year sentence. Id. at 14. However, this claim is refuted by the record in this case. His ten-year sentence was assessed prior to the trial court's judgment that sentenced him to five-years confinement in this case. The trial court ordered that the ten-year sentence would be cumulative to his thirty-year sentence.

AEDPA's one-year statute of limitations period is not jurisdictional and is subject to equitable tolling. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam). Equitable tolling, however, is permissible only under "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). In Davis, the Fifth Circuit permitted equitable tolling where the petitioner, a death penalty defendant whose attorney became incapacitated, diligently pursued his habeas corpus remedy, but erroneously relied on multiple extensions of time to file his petition. Id. at 811-12.

Notwithstanding Davis, the Fifth Circuit has rarely found exceptional circumstances to justify equitable tolling. See, e.g., Scott, 227 F.3d at 263 (no

equitable tolling due to confiscation of legal materials and inadequate library where petitioner failed to pursue relief for six months prior to expiration of limitations); Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999) (per curiam) (no equitable tolling for second habeas petition more than one-year after first petition was dismissed for failure to exhaust); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (no equitable tolling based on pro se status or inadequate prison library); Ott v. Johnson, 192 F.3d 510, 513-14 (5th Cir. 1999) (no equitable tolling where petitioner waited to file state application until one day before limitations ran); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (per curiam) (no equitable tolling for seven-week delay between submission of state habeas petition to prison officials and date petition was file-stamped); Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) (no equitable tolling based on unfamiliarity with legal process or lack of representation); Fisher v. Johnson, 174 F.3d 710, 712-13 (5th Cir. 1999) (no equitable tolling where petitioner did not receive notice of the AEDPA's effective date until forty-three days after its effective date and he spent seventeen days in a psychiatric unit).

Petitioner filed his state habeas application ten days after AEDPA's one-year statute of limitations expired. If he would have timely filed his state habeas application, it would have tolled the statute of limitations period and this federal petition would not be time barred. However, he did not timely file his state petition,

and therefore, failed to toll the statute of limitations period.

While this ten-day period seems like a relatively short period of time on which to deny a petition, the Fifth Circuit has noted that "[i]n past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness." Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002). It further noted that:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

Id. at 264-65 (citing Ott, 192 F.3d at 512 (four days late); Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (two weeks late); Fisher, 174 F.3d at 712 (seventeen days late); Felder, 204 F.3d at 171 (twenty-one days late)).

It is respectfully recommended that the Court find that petitioner has not offered any legitimate reason to explain why he did not timely file his federal habeas petition. It is further respectfully recommended that the Court find that he has failed to establish that he is entitled to equitable tolling of AEDPA's statute of limitations.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

### VII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss be granted.  It is further respectfully recommended that

petitioner's petition be dismissed with prejudice because all of his claims are time barred, and that his request for an evidentiary hearing be denied. Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

    Respectfully submitted this 15th day of December 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).